ALBERT C. STEPHANY v. LIBERTY CUT GLASS WORKS.

Argued February 19, 1908—Decided June 8, 1908.

The by-laws of a corporation provided that an officer "shall be subject to removal by resolution of the board of directors, provided two-thirds of the whole board shall vote in favor thereof." The board consisted of seven members. *Held,* that an affirmative vote of four for such removal, one member refusing to vote, was ineffective.

On *certiorari.*

Before Justices REED, PARKER and VOORHEES.

For the prosecutor, *Ulysses G. Styron.*

For the defendant, *Charles A. Baake.*

The opinion of the court was delivered by

VOORHEES, J.   This is a writ of *certiorari* directed to the defendant company to review the legality of a resolution of its

board of directors removing the prosecutor from the office of secretary. The defendant is a corporation organized under the laws of New Jersey. Its board of directors consists of seven members, of whom the prosecutor is one. One of the reasons assigned by the prosecutor for the setting aside of the resolution is that the resolution did not receive an affirmative two-thirds vote of the whole board of directors.

The by-laws of the company provide for the annual appointment of a secretary, to hold office during the pleasure of the board, but who shall not be appointed for a longer term than one year, and, further, that he "shall be subject to removal by resolution of the board at any time for cause, provided two-thirds of the whole board shall vote in favor thereof." At the meeting in question six members were present, including the prosecutor, who refrained from voting. Of the remaining members present four voted for the removal and one refused to vote. As the by-laws required that two-thirds of the whole board should vote in favor of the removal, five affirmative votes at least were necessary to legalize the action. The resolution did not receive that number of votes in its favor. The question does not arise as to the effect of the refusal of one of the members to vote (*Mowrey* v. *Indianapolis and Cincinnati Railway Co.,* 4 *Biss.* 78, since the provision is that two-thirds of the whole board shall vote in favor of the action. This renders it unnecessary to examine the other reasons assigned.

The action of the board of directors in removing the secretary should be set aside.