## ALBERT H. OVERMAN ET AL. v. THE MANLY DRIVE COMPANY.

Argued November Term, 1908—Decided February 23, 1909.

*Certiorari* is not the proper remedy to review a resolution of a private corporation removing its president from office, or proceedings to reinstate or re-elect directors who had resigned, in a case where *mandamus* or *quo warranto* are available remedies.

On *certiorari.*

Before Justice SWAYZE.

For the prosecutors, *Charles H. Hartshorne (Hartshorne, Insley & Leake).*

For the defendants, *Abel R. Corbin (Collins & Corbin).*

The opinion of the court was delivered by

SWAYZE, J. The only precedent I have been able to find for a writ of *certiorari* in a case of this character is *Stephany* v. *Liberty Cut Glass Works,* recently decided by this court and reported in 47 *Vroom* 449. In view of that decision it was proper for me to allow this writ to review a resolution of a board of directors of a private corporation removing the prosecutor from the office of secretary. That case seems to have been undefended and the question as to the propriety of the remedy could not have been called to the attention of the court. In the present case the proceedings are challenged by the defendants and I am confronted with the necessity of deciding the question.

The text-books do not seem to recognize the use of *certiorari* for this purpose. Thompson, after calling attention to the use of that writ to review the action of *public municipal boards* (the italics are his), says: "It should be added that no precedent has come to the attention of the writer for the use of the writ of *certiorari* for the purpose of reviewing the proceedings of the judicatories of strictly private corporations or societies in removing their officers or expelling their members." *Thomp. Corp.,* § 825.

Cook refers to the use of *mandamus* and *quo warranto* in such cases, but says nothing of the use of *certiorari.* *Cook Corp.,* § 617.

In our own state, liberal as we have been in the use of this writ, we have frequently had occasion to call attention to the circumscribed character of its use even in the case of public municipal corporations, and it seems to be now settled that *certiorari* is not the proper remedy where the office is already filled. Its use in the case of private corporations seems to have been limited to acts of the private corporation which were judicial in character; thus, in *Elder* v. *Medical Society of Hudson County,* 6 *Vroom* 200, proceedings to punish the prosecutor for unprofessional conduct as a physician were reviewed, but this was upon the ground that the society was a special statutory tribunal whose adjudication might affect the prosecutor's rights, and the writ of *certiorari* in that case was in the nature of a writ of error. In the later case of *Watson* v. *Medical Society of New Jersey,* 9 *Id.* 377, Mr. Justice Depue was careful to call attention to the distinction between *quo warranto* and *mandamus* and *certiorari.* He said: "It is doubtful, at least, whether *certiorari,* which tears down, but does not build up—which, if successfully prosecuted, would vacate the resolution without ousting the sitting members or admitting the rejected claimants, is an appropriate remedy." Subsequently, in *Lehmann* v. *Hudson County Republican Committee,* 33 *Id.* 574, the court refused to concede the power or duty of this court to intervene in a controversy of the character there presented. In the present case the proceedings are not judicial in their character; the directors whose title is

questioned are actually in possession of the office, and the proper remedy is neither by *quo warranto* to oust the directors, or by a *mandamus* to compel the board to recognize the authority of the president. *Certiorari* is not the proper remedy. The reason given by Mr. Justice Depue in the passage above quoted is convincing; the effect of the judgment would be merely to tear down the resolution in question; it would not give the prosecutors the relief they need.

I should, of course, not reach this result if I thought I was departing from anything that has actually been decided by the court, but I do not feel bound merely because the court in an uncontested case has failed to consider an objection to procedure. Under the circumstances the writ should be dismissed, but without costs.

In view of the Stephany case, it was proper to apply for the writ, and the only way open for final review of the question was to allow the writ and have judgment entered thereon.